█ Board of Education of Central School District No. 1 of the Town of Vestal, Appellant, v. State of New York, Respondent. (Claim No.

39939.) — GIBSON, P. J.   Appeal from a judgment of the Court of Claims in an appropriation case, on the ground of inadequacy.   Claimant's school site consisted of three separately acquired parcels aggregating 50 acres.   The appropriation is concerned with only the so-called Pelino tract, acquired by claimant about three years before and consisting of 25.1 acres, of which the State appropriated 10 acres, thereby severing the original Pelino parcel, so as to leave 9.5 acres to the west, adjoining the remaining school property, and 5.6 acres to the east, adjoining a residential subdivision and retaining street access.   The Court of Claims properly found that the highest and best use was "for residential or continued school purposes" and properly declined a requested finding of an "alternative highest and best use   *   *   *   for multiple garden type apartments."   Upon this assumption of this alternative use claimant's expert had constructed a theory of valuation which seems tenuous, if not conjectural, whereby he arrived at a before-taking valuation of $10,396 per acre, as against the State's expert's valuation, on the basis of single-family residential use, of $1,500 per acre.   The trial court's finding of $2,800 per acre was warranted; and particularly so when compared with the claimant's purchase of the Pelino tract itself at that same price of $2,800 per acre and with the sale of the Hodges tract, adjoining the Pelino parcel on the east, for development as a residential subdivision, at a price computed by the State at $1,347 per acre, which claimant contends should be adjusted to $2,500 per acre.   Claimant argues that the allowance to it of the same $2,800 per acre price that it paid some three years before gave no effect to the admitted economic growth of the community in the interim; but the trial court could consider the probability that claimant was compelled, or found it advisable to pay a somewhat inflated price to purchase the adjacent Pelino parcel and could give weight to the fact that some 20 months after the Pelino purchase, or 19 months before the appropriation in issue, the Hodges tract was sold for but $2,500 per acre, as claimant itself computes the price.   As respects the awards for consequential damage, we find that the percentages applied by the trial court were warranted by the proof.   Judgment affirmed, without costs. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.